IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTHONY COLLINS )
)
v. ) NO. 3-11-1058
) JUDGE CAMPBELL
GENENTECH USA, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 23). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

Plaintiff, a fifty-six-year-old African-American male, filed this employment discrimination case against his former employer, alleging discrimination on the basis of race, color, and age, and retaliation for engaging in protected activity. Plaintiff worked for Defendant beginning in 2006 and ending with his discharge in June of 2009. At the time of his discharge, Plaintiff's job title was Division Sales Manager, and he was responsible for sales in numerous states including Tennessee. Plaintiff contends that he was replaced by a less experienced, less qualified, younger Caucasian male who had not participated in any protected activities. Plaintiff argues that he was retaliated against for complaining about a racially hostile work environment.

Defendant is a biotech pharmaceutical company. Defendant contends that, as a participant in a highly regulated industry, it is required to comply with numerous state and federal laws and regulations regarding the sale and promotion of its pharmaceuticals. In addition, Defendant has its own internal policies, which employees are required to review and with which employees are required to comply. Defendant asserts that violations of its internal policies by employees may result in disciplinary action up to and including termination of employment.

Defendant maintains that Plaintiff was fired for violating certain of Defendant's internal policies regarding communications with a customer. Specifically, Defendant claims that Plaintiff violated Defendant's policies regarding good judgment, business ethics, and promotional communications by engaging in a profitability discussion with a representative of the Duke Eye Center and by suggesting that the Eye Center purchase Defendant's drug through a hospital pharmacy. After investigation, Defendant also concluded that Plaintiff was suggesting that the Eye Center submit a false claim to the government. Defendant argues that Plaintiff cannot show that Defendant's legitimate, non-discriminatory reason for firing Plaintiff was actually a pretext for discrimination or retaliation.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

RACE AND AGE DISCRIMINATION

To establish his claim for race discrimination in violation of Title VII (42 U.S.C. §§ 2000-3, *et seq.*),[1] Plaintiff must show (1) that he is a member of a protected class, (2) that he was qualified for his job, (3) that he was subjected to an adverse employment action, (4) that he was replaced by a person outside of the protected class or was treated differently from similarly-situated members of the unprotected class. *Evans v. Walgreen Co.*, 813 F.Supp.2d 897, 918 (W.D. Tenn. 2011); *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004).

For purposes of this Motion, Defendant does not dispute that Plaintiff can establish this *prima facie* case of race discrimination with respect to his discharge.

To establish his claim for age discrimination, Plaintiff must show that (1) he was at least 40 years old at the time of the alleged discrimination, (2) he was subjected to an adverse employment action, (3) he was otherwise qualified for the position, and (4) he was replaced by a person outside the protected class. *Jones v. Shinseki,* 804 F.Supp.2d 665, 672 (M.D. Tenn. 2011). Plaintiff must

---

[1] The first page of Plaintiff's Complaint asserts a violation of 42 U.S.C. § 1981(a), but the Causes of Action section does not include a Section 1981 claim. To the extent Plaintiff is asserting a Section 1981 claim, it is analyzed in the same way as Plaintiff's Title VII claim. *Hajizadeh v. Vanderbilt University*, 879 F.Supp.2d 910, 926 (M.D. Tenn. 2012).

prove that age was the "but-for" cause of Defendant's adverse decision. *Gross v. FBL Financial Servs., Inc.*, 129 S.Ct. 2343, 2345 (2009).

For purposes of this Motion, Defendant does not dispute that Plaintiff can establish this *prima facie* case of age discrimination.

If Plaintiff establishes a *prima facie* case for race or age discrimination, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for its actions. *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001); *Bryant v. Rolling Hills Hospital, LLC*, 836 F.Supp.2d 591, 606 (M.D. Tenn. 2011). If Defendant meets this burden of articulation, then the burden shifts back to the Plaintiff to show that the reason advanced by the Defendant is merely a pretext. *Id*.

In order to demonstrate pretext, Plaintiff must show that the proffered reason: (1) has no basis in fact; (2) did not actually motivate the defendant's challenged conduct; or (3) was insufficient to warrant the challenged conduct. *Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003). Even if Plaintiff proves that Defendant's proffered reason is pretext, Plaintiff still bears the ultimate burden of proving that a discriminatory intent motivated Defendant's actions. *St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742, 2751-52 (1993).

Defendant argues that Plaintiff cannot show a genuine issue of material fact as to whether its legitimate, non-discriminatory reason for firing Plaintiff was pretext for unlawful discrimination. Defendant alleges that it had an "honest belief" in the reasons for its actions. Plaintiff contends that Defendant is not protected by the honest belief defense because the decision-makers in this case did not act based upon particularized facts but rather ignorance and mythology.

Where an employer can demonstrate an honest belief in its proffered reason, the inference of pretext is not warranted. *Seeger*, 681 F.3d at 285. The employer's proffered reason is considered

honestly held where the employer can establish it reasonably relied on particularized facts that were before it at the time the decision was made. *Id*. An employee's bare assertion that the employer's proffered reason has no basis in fact is insufficient to call an employer's honest belief into question and fails to create a genuine issue of material fact. *Id*.

Plaintiff contends that he did not violate Defendant's policies. Plaintiff asserts that he did not suggest that the Eye Center violate the False Claims Act. Plaintiff argues that his discussion of the LUCENTIS[2] direct rebate was specifically authorized by Defendant and that he was honest, complete and forthright in his interview with Defendant. In other words, Plaintiff basically argues that Defendant made a mistake and erred in firing him because Defendant's underlying allegations were untrue.

The ultimate burden of persuading the Court that Defendant intentionally discriminated against Plaintiff remains at all times on the Plaintiff. *Braithwaite*, 258 F.3d at 493. Plaintiff must produce sufficient evidence from which the jury could reasonably reject Defendant's explanation and infer that Defendant intentionally discriminated against Plaintiff. *Id*. A reason cannot be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason. *Seeger v. Cincinnati Bell Telephone Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012).

Defendant's reason for firing Plaintiff is not pretext simply because Plaintiff disagrees with it. Even if Defendant's decision was incorrect or not prudent, Plaintiff must still show that the decision to fire him was based upon race or age. Plaintiff argues that Defendant's legitimate,

---

[2] LUCENTIS is an injectable drug manufactured and distributed by Defendant to treat patients suffering from wet Age Related Macular Degeneration.

nondiscriminatory reason was wrong. Plaintiff has not come forward, however, with evidence that his race or his age was the true reason for his firing. Plaintiff has not demonstrated that the decision-makers in this case made racially-biased comments or were racially biased in their decision-making. Neither has Plaintiff demonstrated that the decision-makers made age-related comments or were biased against older workers. Even if Defendant cannot rely upon the honest belief defense as Plaintiff suggests, and even if Defendant erred in its reasons for firing Plaintiff, Plaintiff has not carried his ultimate burden of showing that the real reason was his race or age.

Therefore, Plaintiff has not shown a genuine issue of material fact as to whether Defendant's reason for firing him was a pretext for race or age discrimination, and Defendant is entitled to summary judgment on those claims.

## RETALIATION

In order to establish a claim for retaliation, Plaintiff must show that (1) he engaged in protected activity, (2) Defendant knew that he engaged in protected activity, (3) Defendant subsequently took an adverse employment action against Plaintiff; and (4) the adverse employment action was causally connected to the protected activity. *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 588 (6th Cir. 2009). To establish a causal connection, Plaintiff must proffer evidence sufficient to raise the inference that his protected activity was the likely reason for the adverse action. *Id*.

Again, if Plaintiff carries this *prima facie* burden, Defendant must articulate a legitimate, nondiscriminatory reason for its actions. If it does, then the burden shifts to Plaintiff to show that reason is pretext for retaliation. *Abbott v. Crown Motor Co., Inc.*, 348 F.3d 537, 542 (6th Cir. 2003).

Defendant has not agreed that Plaintiff has established a *prima facie* case of retaliation, arguing that Plaintiff cannot show a causal connection between his protected activity and his firing.

Defendant does not dispute that Plaintiff's complaints in 2006 or 2007 about being offended by racially-insensitive remarks constituted protected activity. The Court finds that Plaintiff has not shown a causal connection between those complaints and the termination of his employment more than two years later.[3]

Finally, even if Plaintiff had established a causal connection, which the Court finds he did not, Plaintiff has not shown that Defendant's articulated reason was a pretext for retaliation.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 23) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[3] To establish the causal connection required in the fourth element, Plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the Plaintiff not engaged in protected activity. *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000).